SHOOK, HARDY & BACON L.L.P.
Alicia J. Donahue, SBN 117412
adonahue@shb.com
Joan R. Camagong, SBN 288217
jcamagong@shb.com
One Montgomery, Suite 2600
San Francisco, California 94104
Tel: 415.544.1900 | Fax: 415.391.0281

Attorneys for Defendants
GENENTECH USA, INC. and
GENENTECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW WILLIAMSON and BLUE CROSS AND BLUE SHIELD OF KANSAS CITY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENENTECH, INC. and GENENTECH USA, INC.,<br><br>Defendants. | Case No. 3:20-cv-06695<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendants Genentech, Inc. and Genentech USA, Inc. ("Genentech") hereby remove the above-captioned action from the Superior Court of the State of California in and for the County of San Mateo to the United States District Court for the Northern District of California.

## I.   INTRODUCTION

1. On February 26, 2019, Plaintiff Andrew Williamson ("Williamson") filed a Class Action Complaint in the Superior Court of the State of California in and for the County of San Mateo captioned, *Andrew Williamson on behalf of himself and all others similarly situated, v. Genentech, Inc. and Genentech USA, Inc*., San Mateo County Case No. 19-CIV-01022.

2. On April 5, 2019, Genentech filed a notice of removal to the United States District Court for the Northern District of California, No. 3:19-cv-01840-JSC, and the matter was assigned to the Honorable Jacqueline Scott Corley.

3. On May 17, 2019, Williamson filed a First Amended Class Action Complaint.

4. On June 7, 2019, Williamson filed a Second Amended Class Action Complaint.

5. On March 18, 2020, the case was remanded to San Mateo County Superior Court for lack of subject matter jurisdiction. In particular, the Court reasoned that Williamson "has not alleged, and cannot allege, that he would have paid any less if a smaller vial … had been provided … A patient who could actually allege that Genentech's practices caused him to personally pay more money, or the insurance company that paid for the medication, would likely have Article III standing." *Williamson v. Genentech*, No. 3:19-cv-01840-JSC, ECF 64 at 9:23-10:2 (March 18, 2020 Remand Order).

6. On August 26, 2020, Williamson filed a Third Amended Class Action Complaint ("TAC") to add Blue Cross and Blue Shield of Kansas City ("BCBSKC") as a plaintiff. A copy of the TAC is attached as Exhibit A.

7. Exhibits A and B are true and correct copies of "all process, pleadings, and orders served upon" Genentech as of September 24, 2020. *See* 28 U.S.C. § 1446(a).

## II. FACTUAL BACKGROUND

8. The TAC alleges that Genentech packages its medications in such a way that "needlessly costs patients with cancer and other serious diseases hundreds of millions of dollars a year for costly medicines that cannot be used and instead must be thrown away." TAC ¶ 1. Williamson and BCBSKC on behalf of themselves and other end payors seek "to recover the amounts they necessarily spent … on wasted medicine sold by Genentech." *Id*. ¶ 17. BCBSKC alleges that it "was the health insurer and payor for its subscriber, Williamson, and the medical and prescription drug plans of which he was a member." *Id*. ¶¶ 20, 105.

9. Plaintiffs' alleged class consists of "All end payors who, during the Class Period, paid for Avastin, Rituxan, Kadcyla or Xolair, a portion of which was discarded because the quantity in the vials exceed [sic] the patient's dose (the "Class")." *Id*. ¶ 116. Plaintiff further alleges "the total

1 | number of Class Members is so numerous that joinder of all Class Members would be impracticable." *Id*. ¶ 121.

10. Plaintiffs seek an award of restitution, damages, disgorgement, costs and attorneys' fees in addition to an order enjoining Genentech from continuing to engage in the alleged unlawful and/or unfair business practices, and an order requiring Genentech to pay pre- and post-judgment interest. TAC, Prayer for Relief.

### III. REMOVAL UNDER CLASS ACTION FAIRNESS ACT

11. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(d). Under the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction when: (1) the putative class consists of at least 100 members; (2) the citizenship of at least one proposed member of the class is different from that of the defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). As set forth herein, all of the requirements for removal are satisfied.

#### A. The Putative Class Consists of at Least 100 Members

12. CAFA's first requirement, that the proposed class contain of at least 100 members, 28 U.S.C. § 1332(d)(5), is satisfied.

13. Plaintiff purports to represent a class of: "All end payors who, during the Class Period, paid for Avastin, Rituxan, Kadcyla or Xolair, a portion of which was discarded because the quantity in the vials exceed [sic] the patient's dose (the "Class")." The purported class is not limited in geographic scope. TAC ¶ 116.

14. The "Class Period" is alleged as encompassing "the applicable period of limitations, as well as the period beginning with the filing of this lawsuit and ending on the date notice is sent to the class." *Id*. ¶ 117.

15. While the exact number of Class Members is currently unknown to Plaintiff, he alleges that "the total number of Class Members is so numerous that joinder of all Class Members would be impracticable." *Id*. ¶ 121.

16. Plaintiff has thus alleged a proposed class with at least 100 members, therefore satisfying the class size requirement.

### B. Minimal Diversity Exists Between the Parties

17. CAFA's second requirement, that any one member of the proposed class be a citizen of a state different from any defendant, 28 U.S.C. § 1332(d)(2), is also satisfied.

18. Williamson alleges that he is a resident of Liberty, Missouri. TAC ¶ 19.

19. BCBSKC alleges that it is a duly organized and existing Missouri non-profit corporation with its primary place of business located in Kansas City, Missouri. *Id.* ¶ 20.

20. Genentech, Inc. is a corporation incorporated in Delaware with its principal place of business at 1 DNA Way, South San Francisco, CA 94080. *Id.* ¶ 21. Therefore, Genentech, Inc. is a citizen of Delaware and California.

21. Genentech USA, Inc. is a corporation incorporated in Delaware with its principal place of business at 1 DNA Way, South San Francisco, CA 94080. *Id.* ¶ 22. Therefore, Genentech USA, Inc. is a citizen of Delaware and California.

22. Plaintiffs are diverse from Defendants. 28 U.S.C. § 1332(d)(2). Moreover, given that Plaintiffs' purported class is not limited in geographic scope, it is virtually certain that one or more putative class members are not citizens of California or Delaware.

23. Minimal diversity exists between "any one member" of the proposed class and "any defendant" in satisfaction of 28 U.S.C. § 1332(d)(2).

### C. The Amount in Controversy Exceeds $5 Million

24. CAFA's third requirement, that the aggregate amount in controversy exceed $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), is satisfied as well. To remove the case, a defendant need not prove that class recovery *will* exceed that figure, only that it *could*. *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014). For purposes of removal, defendants need only to make a "plausible allegation" that the amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018).

25. Although Genentech disputes liability and damages, it is evident that Plaintiffs purport to allege claims for themselves and the proposed class for monetary relief that, if granted, would, in the aggregate, well exceed CAFA's $5 million requirement. Plaintiffs allege that they "bring this

lawsuit to obtain redress from a practice that needlessly costs patients with cancer and other serious diseases hundreds of millions of dollars a year for costly medicines that cannot be used and instead must be thrown away because of the wasteful way that Genentech packages them." TAC ¶ 1. Plaintiffs specifically allege "[t]he amount spent on wasted drugs for just one patient can total many thousands of dollars a year for Genentech's drugs." *Id*. ¶ 57. The TAC also contains an allegation that "Genentech's annual revenues from wasted subject medicines totaled $562 million with its existing vial sizes but would have been reduced to $125 million, a savings of $437 million, with the addition of one smaller vial for each drug." *Id*. ¶ 78.

26. On behalf of Plaintiffs and the putative class, the TAC seeks, *inter alia*, "restitution, damages, and disgorgement." TAC, Prayer for Relief.

27. Plaintiffs also seek an award of attorneys' fees. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-701 (9th Cir. 2007) (attorneys' fees are included in amount in controversy determination); *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (noting that the amount in controversy includes attorneys' fees).

28. Assuming the truth of the allegations in the TAC, there is more than $5 million in controversy, as required for removal by 28 U.S.C. § 1332(d)(2).

29. Plaintiffs have therefore alleged an amount in controversy that exceeds $5 million, exclusive of interest and costs.

### IV. NO EXCEPTION TO CAFA JURISDICTION APPLIES

30. Genentech has carried its burden of establishing the satisfaction of CAFA's initial jurisdictional requirements. The burden shifts to Plaintiffs to establish the applicability of any express CAFA jurisdictional exception. *Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th Cir. 2015). Any doubt as to the applicability of a CAFA exception is to be resolved in favor of removal. *See Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 337-38 (5th Cir. 2016); *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015). The Ninth Circuit instructs that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Bridgewell-Sledge v. Blue Cross of*

*Cal.*, 798 F.3d 923, 929 (9th Cir. 2015) (citations omitted). "[N]o antiremoval presumption attends cases invoking CAFA." *Id.*

## V.   PROCEDURAL COMPLIANCE

31. Plaintiffs filed the TAC on August 26, 2020, in the Superior Court of the State of California for the County of San Mateo. Exhibit A.

32. On August 26, 2020, Plaintiffs served the TAC on Genentech. Genentech is timely filing this notice of removal within 30 days of that date. *See* 28 U.S.C. § 1446(b)(3).

33. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of San Mateo, and is being served on counsel of record pursuant to 28 U.S.C. §§ 1446(a) & (d).

Accordingly, Genentech hereby removes this action to the United States District Court for the Northern District of California.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Genentech hereby requests trial by jury.

Dated: September 24, 2020          Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:   __/s/ Alicia J. Donahue_____
ALICIA J. DONAHUE
JOAN R. CAMAGONG

Attorneys for Defendants
GENENTECH, INC. and GENENTECH USA, INC.