UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW WILLIAMSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GENENTECH, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-06695-JSC<br><br>**ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiffs challenge Genentech's sale of prescription drugs in single-dose vials under California's Unfair Competition Law (UCL), California Business and Professions Code § 17200. The Court previously remanded the action for lack of subject matter jurisdiction because Plaintiff Andrew Williamson, who alleged that Genentech's use of single-dose vials resulted in waste, failed to demonstrate Article III standing as he had not alleged a concrete injury. Williamson then joined his insurer, Blue Cross Blue Shield of Kansas City as a plaintiff, and Genentech again removed the action to this Court under the Class Action Fairness Act. Genentech then moved to dismiss the Third Amended Complaint as preempted by federal law, barred by California's judicial-abstention doctrine, and for failure to state a claim.[1] (Dkt. No. 19.) While that motion was under submission, Plaintiff Blue Cross Blue Shield of Kansas City filed a notice of voluntary dismissal leaving Mr. Williamson as the sole plaintiff. (Dkt. No. 39.) The Court thereafter issued an Order to Show Cause as to why the action should not again be remanded to state court because Mr. Williamson, the sole remaining plaintiff, still lacks Article III standing. (Dkt. No. 40.) Neither party responded to the Court's Order. For the reasons stated below, the Court lacks

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 13, 14, 15.)

1  subject matter jurisdiction over this action and REMANDS the action to state court.

2      "[C]ourts have an 'independent obligation' to police their own subject matter jurisdiction, including the parties' standing." *Animal Legal Def. Fund v. United States Dep't of Agric.*, 935 F.3d 858, 866 (9th Cir. 2019) (citations omitted). To do so, the court must assure itself that "Plaintiffs have alleged an injury in fact, fairly traceable to the defendant's conduct, and likely to be redressed by a favorable judicial decision." *Id*. (citing *Spokeo, Inc., v. Robins*, —— U.S. ——, 136 S. Ct. 1540, 1547 (2016)). "Demonstrating injury in fact requires a plaintiff to show []he suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Animal Legal Def. Fund*, 935 F.3d at 866 (quoting *Spokeo*, 136 S. Ct. at 1548). A "particularized" injury is one that affects the plaintiff personally, and a "concrete" injury "must actually exist." *Animal Legal Def. Fund*, 935 F.3d at 866.

    The Court previously held Mr. Williamson did not have standing because he had not alleged facts that supported an inference that the amount he paid for his Rituxan treatment would have been reduced if Genentech had offered lower dosage vials and therefore, he had not suffered a concrete injury. (Case No. 19-1840 JSC, Dkt. No. 64.)  Mr. Williamson still admits—as he did before—that the amount of money he paid out-of-pocket would not have changed even if the amount of wasted medicine had been reduced. (Dkt. No. 23-4 at 33:23-34:2.) His attempt to save his claim by arguing that even if he cannot seek restitution he can seek injunctive relief under Section 17204 (*id*. at 34) is unavailing. Injunctive relief is only available to "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Mr. Williamson admits that he has not lost money or property as a result of Genentech's conduct. Further, Mr. Williamson has no standing to challenge the dosage amount Genentech offers for any drug other than Rituxan given that he alleges that he was prescribed and took only Rituxan and not one of the other three drugs challenged in this action. (Dkt. No. 1-2 at ¶¶ 99-105.)

//

//

2

Accordingly, this action is REMANDED to the San Mateo County Superior Court based on lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: July 28, 2021

                                                JACQUELINE SCOTT CORLEY
United States Magistrate Judge